JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs Ronald J. and Sara L. Siemientkowski (appellants) appeal the court's granting summary judgment to defendant State Auto Mutual Insurance Company (State Auto) on their claim to recover sanctions imposed against them as a loss under their homeowner's insurance policy. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On May 5, 2004, a court imposed $29,455.74 in sanctions against appellants for frivolous conduct pursuant to R.C.2323.51.[1] R.C. 2323.51 allows courts to award costs and reasonable fees and expenses to any party who is adversely affected by the opposing party's frivolous civil litigation. On May 24, 2004, appellants submitted a claim to State Auto, their homeowner's insurance carrier, requesting that the company cover the sanctions plus legal expenses appellants incurred relating to the underlying frivolous lawsuit. On June 3, 2004, State Auto declined coverage and, on May 27, 2005, appellants filed the instant suit, alleging breach of contract and bad faith denial of insurance coverage. On October 21, 2005, the court summarily granted State Auto's summary judgment motion. Appellants appeal this ruling, presenting for our review eleven assignments of error, which can be found in the appendix to this opinion.
 II. {¶ 3} All eleven of appellants' assignments of error are based on the argument that the court's granting State Auto's summary judgment motion was erroneous. We disagree.
 {¶ 4} Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Dresher v. Burt
(1996), 75 Ohio St.3d 280.
 {¶ 5} After sifting through appellants' arguments, this case can be decided on whether R.C. 2323.51 sanctions are covered under the insurance policy in question. We note that, contrary to appellants' assertion, construction of an insurance policy is a matter of law for the court to decide. Latina v. WoodpathDevelopment Co. (1991), 57 Ohio St.3d 212. Additionally,
"where the provisions of an insurance policy are clear andunambiguous courts may not indulge themselves in enlarging thecontract by implication in order to embrace an object distinctfrom that contemplated by the parties, nor read into the contracta meaning not placed there by an act of the parties, nor make anew contract for the parties where their unequivocal actsdemonstrate an intention to the contrary." Gomolka v. StateAuto Mut. Ins. Co. (1982), 70 Ohio St.2d 166 (citing Stickel v.Excess Ins. Co. (1939), 163 Ohio St. 49; Motorists Ins. Co. v.Tomanski (1970), 27 Ohio St.2d 222; Olmstead v. Lumbermens Mut.Ins. Co. (1970), 22 Ohio St.2d 212; Jackson v. MetropolitanLife Ins. Co. (1973), 34 Ohio St.2d 138; Fidelity Cas. Co. v.Hartzell Bros. Co. (1924), 109 Ohio St. 566).
 {¶ 6} In the instant case, the pertinent parts of appellants' homeowner's insurance policy with State Auto cover a) property damage, which is "physical injury to, destruction of, or loss of use of tangible property"; and b) bodily injury "arising out of * * * malicious prosecution; [or] libel, slander or defamation of character." Black's Law Dictionary defines "sanction" as follows: "A penalty or coercive measure that results from failure to comply with a law, rule, or order." Black's Law Dictionary (7th Ed. 1999) 1341. This is neither a physical injury to tangible property nor a bodily injury. In fact, there is nothing about R.C. 2323.51 sanctions that would lead a reasonable mind to believe they may be covered under appellants' homeowner's insurance policy. In addition to finding that a sanction is not one of the two types of injuries covered under appellants' policy with State Auto, we also find that R.C. 2323.51, frivolous conduct, is not akin to malicious prosecution, libel, slander or defamation for the purpose of this insurance policy.
 {¶ 7} Having reasoned that the subject matter of the insurance claim appellants submitted to State Auto is not covered under their policy as a matter of law, we find that the court properly granted summary judgment. This renders the nuances of appellants' remaining sub-arguments moot, and all assignments of error are overruled.
 III. {¶ 8} Pursuant to App.R. 23, "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." An appeal is frivolous if it "presents no reasonable questions for review." Talbott v. Fountas (1984),16 Ohio App.3d 226, 226. After careful consideration, we determine that the instant appeal is frivolous. Despite being sanctioned to the tune of almost $30,000 for frivolous conduct in a previous lawsuit, appellants failed to heed the court's warning, and instead proceeded to instigate additional meritless litigation in the instant case. Compare, Riley v. SupervaluHoldings, Inc., Hamilton App. No. C-050156, 2005-Ohio-6998
(holding that an appeal was frivolous when appellant ignored the clear language of the controlling statutes and case law).
 {¶ 9} Appellants need to take a step back and stop making a mockery of the American civil justice system. See, Stuller v.Price, Franklin App. No. 03AP-30, 2003-Ohio-6826 (holding that "the purpose of sanctions under App.R. 23 is to compensate the nonappealing party for the expense of having to defend a spurious appeal, and to help preserve the appellate calendar for cases truly worthy of consideration").
 {¶ 10} We are aware that State Auto did not file a motion for App.R. 23 sanctions and that we raise this issue sua sponte. However, courts have an inherent power to sanction litigants and counsel in response to abusive litigation practices. Link v.Wabash R. Co. (1962), 370 U.S. 626, 632. This power to sanction is a power "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court * * *." Cooke v. UnitedStates (1925), 267 U.S. 517, 539. See, also, Alyeska PipelineCo. v. Wilderness Society (1975), 421 U.S. 240 (holding that a litigant can recover attorney fees when the opposing party has acted in bad faith) (superceded by statute on other grounds).
 {¶ 11} We recognize that App.R. 23 sanctions should not be assessed lightly or without notice and an opportunity to be heard. Therefore, State Auto shall be afforded 14 days from journalization of this court's judgment to file a statement of reasonable attorney fees and costs associated with this appeal. Appellants may file a memorandum contra not to exceed ten pages in length, and not later than 14 days after service of the filed statement. After submission, we will review the matter without oral argument.
Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Michael J. Corrigan, J.,concur.
 APPENDIX
I. The trial court committed reversible error as a matter of law when it granted the defendant-appellee's, State Auto Insurance Companies' ("State Auto"), motion for summary judgment in light of the fact the plaintiff-appellants' ("Siemientkowskis"), submitted valid and timely claims of malicious prosecution and libel covered under their homeowners policy.
II. The trial court erred when it granted State Auto's motion for summary judgment after being presented with irrefutable evidence based upon Attorney John Lind's testimony, as a witness under oath, that Ohio Farmers voluntarily incurred additional legal costs to defend itself against malicious prosecution and damage to Ohio Farmers' reputation.
III. The trial court erred when it granted State Auto's motion for summary judgment after being presented with irrefutable evidence that the trial judge at the 2323.51 hearing and the Eighth District Court of Appeals upon appeal upheld the award Ohio Farmers' voluntarily brought upon itself to defend against allegations of malicious prosecution and damage to reputation.
IV. The trial court committed reversible error as a matter of law when it granted State Auto's motion for summary judgment as to all of the Siemientkowski's claims when State Auto never addressed the Siemientkowski's claim of bad faith in its motion for summary judgment, the determination of bad faith lying within the province of the jury.
V. The trial court erred when it granted State Auto's motion for summary judgment before the completion of the discovery process prior to the scheduled cutoff date of November 1, 2005.
VI. The trial court committed reversible error in granting State Auto's motion for summary judgment when issues of material fact exist to be decided by a jury.
VII. The trial court committed reversible error in granting State Auto's motion for summary judgment on the disputed allegation the Siemientkowskis failed to notify State Auto in a timely fashion.
VIII. The trial court committed reversible error in granting State Auto's motion for summary judgment on the disputed allegation the Siemientkowskis intentionally and voluntarily incurred losses.
IX. The trial court committed reversible error in granting State Auto's motion for summary judgment based on State Auto's interpretation that any violation of R.C. 2323.51 is a violation of the "Penal Code."
X. The trial court committed reversible error in granting State Auto's motion for summary judgment as to the jury question of whether or not State Auto breached its contract with the Siemientkowskis.
XI. The trial court committed reversible error in granting State Auto's motion for summary judgment, in the absence of a written memorandum from the trial judge at the 2323.51 hearing, that all or a part of the award of attorney fees were based on Ohio Farmers' allegations of malicious prosecution and/or damage to reputation.
[1] We affirmed this sanction award on February 10, 2005. See,Siemientkowski v. Moreland Homes, Inc., Cuyahoga App. No. 84758, 2005-Ohio-515.