[Cite as *Lamar Advantage GP Co., L.L.C. v. Cincinnati*, 2021-Ohio-2422.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| LAMAR ADVANTAGE GP COMPANY, LLC, d.b.a. LAMAR ADVERTISING OF CINCINNATI, OH, | : | APPEAL NO. C-200157 |
|  |  | TRIAL NOS. A-1804105 |
|  | : | A-1804125 |
| and | : | *O P I N I O N.* |
| NORTON OUTDOOR ADVERTISING, INC., | : |  |
|  | : |  |
| Plaintiffs-Appellees, | : |  |
| vs. | : |  |
| CITY OF CINCINNATI, OHIO, | : |  |
| NICOLE LEE, TREASURER OF THE CITY OF CINCINNATI, OHIO, | : |  |
| ART DAHLBERG, DIRECTOR OF THE DEPARTMENT OF BUILDINGS AND INSPECTIONS FOR THE CITY OF CINCINNATI, OHIO, | : |  |
|  | : |  |
| and | : |  |
| REGINALD ZENO, FINANCE DIRECTOR FOR THE CITY OF CINCINNATI, OHIO, | : |  |
| Defendants-Appellants. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 16, 2021

*Strauss Troy Co., LPA*, *R. Guy Taft* and *Stephen E. Shilling*, for Plaintiff-Appellee Lamar Advantage GP Company, LLC, d.b.a. Lamar Advertising of Cincinnati, OH,

*Robbins, Kelly, Patterson & Tucker, LPA*, *Michael A. Galasso* and *Esther M. Norton*, for Plaintiff-Appellee Norton Outdoor Advertising, Inc.,

*Andrew W. Garth*, City Solicitor, *Marion E. Haynes, III*, and *Kevin M. Tidd*, Assistant City Solicitors, for Defendants-Appellants.

**WINKLER, Judge**.

{¶1}     This appeal considers whether a request for a financial sanction against a political subdivision premised upon allegations of frivolous conduct is precluded by the immunity from tort liability established by R.C. Chapter 2744.

## Jurisdiction

{¶2}     We have jurisdiction in this interlocutory appeal to review the propriety of the trial court's order denying the political subdivision the benefit of an alleged immunity from liability.  *See* R.C. 2744.02(C).  Our jurisdiction, however, is limited to determining the immunity issue, including those issues intertwined with that immunity determination.  *See, e.g., Kurz v. Great Parks of Hamilton Cty.*, 2016-Ohio-2909, 65 N.E.3d 96 (1st Dist.) (considering whether there was sufficient evidence of a park employee's negligence in order to determine whether the park district was entitled to immunity).  Mindful of this circumstance, we provide only the facts and procedure necessary for the disposition of this appeal.

## Background Facts and Procedure

{¶3}     The case involves consolidated lawsuits filed in July 2018 by two advertising companies, plaintiffs-appellees Lamar Advantage GP Company, LLC, d.b.a. Lamar Advertising of Cincinnati, OH, and Norton Outdoor Advertising, Inc., (collectively the "advertising companies").  The advertising companies filed complaints against defendants-appellants the city of Cincinnati, Ohio, Nicole Lee, treasurer of the city of Cincinnati, Art Dahlberg, director of the department of buildings and inspections for the city of Cincinnati, and Reginald Zeno, finance director for the city of Cincinnati (collectively "the city") challenging the same two ordinances affecting outdoor advertising in Cincinnati—Ordinance No. 167-2018 and Ordinance No. 163-2018.

3

{¶4} In November 2018, the trial court entered a judgment that adjudicated claims related to Ordinance No. 167-2018 and contained a Civ.R. 54(B) "final judgment" certification. The city appealed that judgment. This court affirmed in part, reversed in part, and remanded the cause for further proceedings. The Ohio Supreme Court has accepted the case for review. *Lamar Advantage GP Co., LLC v. City of Cincinnati*, 2020-Ohio-3377, 155 N.E.3d 245 (1st Dist.) ("*Lamar I*"), *appeal allowed*, 160 Ohio St.3d 1418, 2020-Ohio-4811, 154 N.E.3d 98.

### The Order Appealed

{¶5} Two days before the trial court entered the judgment at issue in *Lamar I*, the advertising companies filed "amended and supplemental" complaints. Under what the companies labelled as an "Eleventh Cause of Action," they alleged the city had engaged in "frivolous conduct" when defending against their challenges to Ordinance No. 163-2018. The advertising companies sought an award of their reasonable attorney's fees, costs, and other expenses against the city pursuant to division (B)(1) and (4) of R.C. 2323.51, Ohio's "frivolous conduct" statute.

{¶6} The city moved to dismiss the "Eleventh Cause of Action" from the complaints, arguing that the immunity afforded political subdivisions in R.C. Chapter 2744 precluded a "claim" for "damages" under the frivolous-conduct statute. The advertising companies countered by filing a "combined motion for partial summary judgment, motion for sanctions under [the frivolous conduct statute], and response in opposition to defendant's motion to dismiss." In pertinent part, they explained that the purported "claim" for frivolous conduct was simply their effort to move for an award of financial sanctions against the city under the frivolous-conduct statute. In other words, they acknowledged the use of the phrase "cause of action" was a misnomer. They further

contended that the immunity afforded to political subdivisions under R.C. Chapter 2744 did not extend to a financial award imposed against a political subdivision as a sanction for frivolous conduct during a civil action.

{¶7}    The trial court, by an order entered on February 28, 2020, denied the city's motion to dismiss.[1] The city now appeals.

## Analysis

{¶8}    In its sole assignment of error, the city argues the trial court erred in holding "that R.C. Chapter 2744 does not immunize the city from liability under R.C. 2323.51." We recast the assignment of error to assert that the trial court erred by not dismissing the request for fees and costs under the frivolous-conduct statute because R.C. Chapter 2744 provided the city with immunity. This is an issue of law that we review de novo.

## Immunity under R.C. Chapter 2744

{¶9}    The city asserts immunity under the provisions of R.C. Chapter 2744. Those statutes codify Ohio's Political Subdivision Tort Liability Act ("the Act"). The Act was the General Assembly's response to the judiciary's abrogation of common-law sovereign immunity, a doctrine that restricted the institution of civil actions for tort damages against political subdivisions. *See, e.g., Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 453, 639 N.E.2d 105 (1994); *Zents v. Bd. of Commrs. of Summit Cty.*, 9 Ohio St.3d 204, 459 N.E.2d 881 (1984); *Schenkoleski v. Cleveland Metroparks Sys.*, 67 Ohio St.2d 31, 33, 426 N.E.2d 784 (1981). The purpose of the Act is "the preservation of the fiscal integrity of political subdivisions" from the "burdens imposed by litigation and damage awards." *Wilson* at 453.

---

[1] At the same time, the court denied the advertising companies' "motion" for sanctions.

{**¶10**}   In determining whether R.C. Chapter 2744 affords immunity to a political subdivision such as the city, we follow a three-tiered analysis.  The first step is a threshold one and asks whether the general grant of immunity found in R.C. 2744.02(A)(1) applies.  *Brown v. Cincinnati*, 2020-Ohio-5418, 162 N.E.3d 1274, ¶ 10-11 (1st Dist.).  That general grant of immunity applies only to tort actions for damages.  *Id.* at ¶ 11, citing *Barton v. Cty. of Cuyahoga*, 8th Dist. Cuyahoga No. 105008, 2017-Ohio-7171, ¶ 25.

Frivolous Conduct Sanctions under R.C. 2323.51

{**¶11**}   The advertising companies sought an award of fees and costs against the city pursuant to the frivolous-conduct statute.  The relevant provisions read:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.  The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.
>
> An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal * * * or on the court's own initiative * * *.

R.C. 2323.51(B)(1) and (2).

{**¶12**}   On its face, the frivolous-conduct statute does not create a separate cause of action for damages that may be raised by claim or counterclaim in a civil action.  *See Vogel v. Albi*, 1st Dist. Hamilton No. C-190746, 2020-Ohio-5242, ¶ 52-54; *Wochna v. Mancino*, 9th Dist. Medina No. 07CA0059-M, 2008-Ohio-996, ¶ 29; *Shaver v. Wolske & Blue*, 138

6

Ohio App.3d 653, 673, 742 N.E.2d 164 (10th Dist.2000) (applying similarly worded former statute), quoted in *Scrap Yard, LLC v. City of Cleveland*, 513 F.Appx. 500, 506 (6th Cir.2013), fn.1.

{¶13}   Instead, the frivolous-conduct statute provides a court with discretion to award *sanctions as a penalty* for frivolous conduct occurring in a civil action.  *See, e.g., State ex rel. Davis v. Metzger*, 145 Ohio St.3d 405, 2016-Ohio-1026, 49 N.E.3d 1293, ¶ 10; *Shertok, D.D.S. v. Wallace Group General Dentistry for Today, Inc.*, 1st Dist. Hamilton Nos. C-190457 and C-190464, 2020-Ohio-4369, ¶ 31; *Siemientkowski v. State Auto Mut. Ins. Co.*, 8th Dist. Cuyahoga No. 87299, 2006-Ohio-4122, ¶ 6.

{¶14}   The city argues the general grant of immunity applies because the advertising companies are seeking to impose liability for damages—fees and costs— incurred as a result of the city's allegedly frivolous conduct.  Moreover, the advertising companies are seeking those "damages" in a civil action they initiated.

{¶15}   The city's argument relies in part on *Village of New Lebanon v. Krahn*, 2015-Ohio-4791, 50 N.E.3d 291 (2d Dist.).  In *Krahn,* a village filed an action against Krahn and his establishment for "malicious prosecution of a frivolous claim," but later dismissed the action.  *Id.* at ¶ 4 and 8.  Krahn and his establishment then timely filed a motion in the case for their attorney's fees to be awarded against the village under the frivolous-conduct statute.  *Id.* at ¶ 8.

{¶16}   The village asserted immunity under R.C. Chapter 2744, but was unsuccessful and appealed.  The court of appeals affirmed, holding that the immunity "conferred" by R.C. Chapter 2744 "specifically applies in civil actions initiated against a political subdivision or its employees for damages, and not to [Krahn's] motion for attorney fees pursuant to R.C. 2323.51." *Id.* at ¶ 67.

{¶17} According to the city, *Krahn* recognizes that the general grant of immunity afforded by R.C. Chapter 2744 is triggered when, as here, the party requesting the financial award for frivolous conduct also initiated the underlying civil action in which that financial award is sought. We are not persuaded. The *Krahn* court simply used the procedural posture of that case to highlight why Krahn's motion was not affected by any immunity from civil liability or defenses established in R.C. Chapter 2744. If *Krahn* implies otherwise, it does so in dicta, and we disagree with that dicta.

{¶18} The frivolous-conduct statute does not afford tort damages; it affords the court presiding over a civil action the ability to protect the integrity of judicial proceedings by imposing a financial sanction for frivolous conduct. That sanction is a coercive measure. *See Siemientkowski,* 8th Dist. Cuyahoga No. 87299, 2006-Ohio-4122, at ¶ 6. (defining sanction as " 'A penalty or coercive measure that results from failure to comply with a law, rule or order,' " quoting *Black's Law Dictionary* 1341 (7th Ed.1999.)) The sanction for frivolous conduct is categorically different from the tort liability contemplated by the immunity statute.

{¶19} Admittedly, the advertising companies deviated from the proscribed statutory procedure for requesting the sanction by placing the request in a pleading. *See Vogel*, 1st Dist. Hamilton No. C-190746, 2020-Ohio-5242, at ¶ 51-53 (rejecting authority from other courts allowing a request for sanctions under R.C. 2323.51 to be raised by claim or counterclaim). The advertising companies also mislabeled the request as a "cause of action." But these irregularities could not transform the request for sanctions into a cause of action for tort damages, triggering the shield of statutory immunity under R.C. Chapter 2744.

**{¶20}** Consequently, we conclude that the city's claim of immunity fails under the first tier of the R.C. Chapter 2744 analysis. The immunity under R.C. Chapter 2744 for political subdivisions is limited to liability for damages in tort and does not apply to a R.C. 2323.51-based financial sanction imposed against a political subdivision for frivolous conduct during a civil action. Accordingly, we overrule the assignment of error.

## Conclusion

**{¶21}** Because tort immunity under R.C. Chapter 2744 does not apply to the advertising companies' request for sanctions under R.C. 2323.51, we affirm the trial court's judgment denying the city's motion to dismiss.

Judgment affirmed.

**MYERS, P.J.,** and **SUNDERMANN, J.,** concur.

J. HOWARD SUNDERMANN, JR., retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.