[Cite as *Daniely v. Accredited Home Lenders*, 2013-Ohio-4373.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99208**

# MONICA DANIELY

PLAINTIFF-APPELLANT

vs.

# ACCREDITED HOME LENDERS, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-789457

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 3, 2013

**FOR APPELLANT**

Monica Daniely, pro se
16781 Chagrin Blvd., Suite 197
Shaker Heights, Ohio 44120


**ATTORNEYS FOR APPELLEES**

Melissa Zujkowski
Warren T. McClurg, II
Ulmer & Berne, LLP
Skylight Office Tower
1660 West 2nd St., Suite 1100
Cleveland, Ohio 44113

Accredited Home Lenders
15090 Avenue of Science
San Diego, California 92128

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiff-appellant, Monica Daniely ("Daniely"), appeals the dismissal of her complaint against defendants-appellees, Accredited Home Lenders, HSBC Mortgage Services ("HSBC"), and Mortgage Electronic Registration Systems, Inc. ("MERS")(collectively referred to as "appellees") pursuant to Civ.R. 12(C). We find no merit to the appeal and affirm.

{¶2} Daniely entered into a mortgage loan with Accredited Home Lenders, HSBC's predecessor-in-interest, for property located at 4650 Whitehall Road, South Euclid, Ohio 44121. The mortgage was duly recorded with the Cuyahoga County Recorder's Office and shows MERS as the nominee for the lender and the lender's successors and assigns.

{¶3} According to the complaint, MERS later assigned the mortgage to HSBC and instructed Daniely to make payments to HSBC. Daniely requested a declaratory judgment declaring that she is not obligated to make mortgage payments to HSBC because HSBC violated R.C. 5301.25 by failing to record its encumbrance on the property with the Cuyahoga County Recorder's Office. As a result, she alleged, "HSBC is committing fraud by demanding and accepting payments" from her.[1] The complaint also

---

[1] Daniely used the word "fraud" in the complaint. In her response to appellees' motion for judgment on the pleadings, she denies asserting a fraud claim and explained that she is simply alleging a claim for unjust enrichment, arguing that "HSBC is unjustly enriched by demanding and

alleged that "MERS Terms And [sic] Conditions prohibit it from exerting any actions and/or authority over Promissory Notes and Payments."

{¶4} HSBC and MERS filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), arguing that the complaint failed to state a claim for relief. The trial court granted the motion and dismissed the complaint. This appeal followed.

{¶5} In her sole assignment of error, Daniely argues the trial court erred in dismissing her complaint for declaratory judgment because HSBC has no right to demand mortgage payments from her.

{¶6} We review a ruling on a motion for judgment on the pleadings de novo. *Coleman v. Beachwood*, 8th Dist. Cuyahoga No. 92399, 2009-Ohio-5560, ¶ 15. Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Unlike a motion for summary judgment where the parties are permitted to submit certain evidentiary materials for the court's review, the determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113 (1973).

{¶7} Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403, 594 N.E.2d 60 (1991).

---

receiving mortgage payments to which they are not entitled."

Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.

*State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St3d 565, 570, 664 N.E.2d 931 (1996).

{¶8} Thus, the granting of judgment on the pleadings is only appropriate where the plaintiff has failed to allege a set of facts which, if true, would establish the defendant's liability. *Chromik v. Kaiser Permanente,* 8th Dist. Cuyahoga No. 89088, 2007-Ohio-5856, ¶ 8, citing *Walters v. First Natl. Bank of Newark*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982).

{¶9} Daniely argues MERS lacked authority to assign the mortgage to HSBC and that, therefore, HSBC has no right to receive mortgage payments from her. Daniely cites numerous out-of-state cases in support of her argument. However, we are not bound by authorities outside of our jurisdiction. Moreover, Ohio courts have consistently held that MERS has authority to assign a mortgage when it is designated as both a nominee and mortgagee. *BAC Home Loans Servicing, L.P. v. Hall,* 12th Dist. Warren No. CA2009-10-135, 2010-Ohio-3472, ¶ 5-25 (concluding that BAC was entitled to judgment as the real party in interest where MERS, as a nominee, assigned the mortgage at issue to BAC); *Countrywide Home Loans Servicing, L.P. v. Shifflet*, 3d Dist. Marion No. 9-09-31, 2010-Ohio-1266, ¶9-17 (concluding that Countrywide was entitled to judgment as the real party in interest where MERS, as a nominee, assigned the mortgage to Countrywide);

*Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. Cuyahoga No. 92487, 2009-Ohio-3886, ¶ 4-18 (concluding Deutsche was entitled to judgment as the real party in interest where MERS, as a nominee, assigned a mortgage deed to Deutsche).

{¶10} Although Daniely failed to attach a copy of the mortgage to the complaint,[2] she concedes the mortgage designates MERS as the mortgagee, "solely as nominee for Lender." Under Ohio law, MERS had authority to assign the mortgage to HSBC, and Daniely is obligated to make her mortgage payments to HSBC rather than Accredited Home Lenders, the original lender.

{¶11} Daniely also argues that, pursuant to R.C. 5301.25, HSBC is not entitled to payment from her because it failed to properly record its mortgage on the property. R.C. 5301.25 provides, in relevant part:

> (A) All deeds, land contracts referred to in division (A)(2)(b) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated. *Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument.*

(Emphasis added.)

---

[2] The court may not consider the unauthenticated copy of the mortgage attached to appellees' motion for judgment on the pleadings because, as previously explained, the determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint. *Peterson v. Teodosio*, 34 Ohio St.2d at 165-166.

**{¶12}** The purpose of recording mortgages and other encumbrances on property is to give notice to bona fide purchasers of the mortgage holder's lien. In this way, the lienholder may claim that all subsequent purchasers of the property have been constructively notified of the lien. R.C. 5301.25 provides that if a lienholder fails to record an encumbrance on real property, the lienholder will not have the benefit of being able to claim constructive notice of the lien against a subsequent purchaser. The recorded mortgage also protects the lienholder by giving the lienholder priority of interest in the secured property. *See, e.g.*, *Swallie v. Rousenberg*, 190 Ohio App.3d 473, 2010-Ohio-4573, 942 N.E.2d 1109 (7th Dist.). R.C. 5301.25 has no effect on a mortgagor's obligation to pay the mortgagee, whether or not the mortgage was recorded.

**{¶13}** Therefore, Daniely failed to state a claim for relief, and the trial court properly dismissed the complaint pursuant to Civ.R. 12(C).

**{¶14}** The sole assignment of error is overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR