[Cite as *Hill v. Schildmeyer*, 2024-Ohio-3261.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ROMAN HILL, | : | APPEAL NO. C-230570 |
| | | TRIAL NO.  A-2203774 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| MARC     SCHILDMEYER, Individually and in his official capacity as City of Cincinnati Police Officer, | : | |
| | : | |
| | : | |
| Defendant-Appellant, | : | |
| and | : | |
| JOHN and JANE DOES, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 28, 2024

*The Cochran Firm* and *Fanon A. Rucker*, for Plaintiff-Appellee,

*Emily Smart Woerner*, City Solicitor, *Scott M. Heenan* and *David Laing*, Senior Assistant City Solicitors,  *Lazarus & Lawson, LLC*, and *Kimberly A. Rutowski*, for Defendant-Appellant.

**BOCK, Presiding Judge.**

{¶1}    A motion for judgment on the pleadings tests the allegations' legal sufficiency, not their evidentiary support. When defendant-appellant Marc Schildmeyer moved for judgment on the pleadings, he attached police dashcam and bodycam videos to his reply brief in support of his assertion of immunity under R.C. 2744.03. Schildmeyer asked the trial court to take judicial notice of his exhibits because they were public records. The trial court refused to consider the videos and denied his motion. Schildmeyer argues on appeal that the trial court should have considered the videos and granted his motion for judgment on the pleadings.

{¶2}    We hold that the trial court appropriately exercised its discretion when it struck Schildmeyer's exhibits and declined to take judicial notice of the videos before ruling on his motion for judgment on the pleadings. The videos were not part of the pleadings, and the contents of the videos are an inappropriate matter for judicial notice under Evid.R. 201.

{¶3}    We further hold that plaintiff-appellee Roman Hill's complaint adequately pleaded malice as an exception to government-employee immunity under R.C. 2447.03(A)(6)(b) and satisfied Ohio's notice-pleading standard.

{¶4}    We affirm the trial court's decision.

## I.    Facts and Procedure

{¶5}    Hill sued Schildmeyer and other unknown officers, alleging that the officers violated his civil rights. Specifically, Hill sought compensatory and punitive damages based on claims of malicious prosecution, false arrest, and intentional infliction of emotional distress. Hill alleged that these torts were committed with malice or gross negligence.

{¶6}    The complaint alleges, and Schildmeyer does not dispute, that he was one of several officers who participated in a traffic stop of Hill in January 2021 in Cincinnati, Ohio. The stop began when an officer threw a stop stick in front of Hill's car. Officers detained Hill and the passengers in his car, while informing Hill that he had committed a traffic violation. Hill began recording the encounter with his cell-phone camera. Schildmeyer ordered Hill out of the vehicle. Officers arrested Hill and searched his car. Hill was jailed and charged with a stop-sign violation and obstructing official business, but those charges were later dismissed.

{¶7}    Hill alleged that everyone in his car was an African-American man. He tried to record his interaction with Schildmeyer out of fear. Schildmeyer seized his phone to prevent Hill from recording the interaction. Schildmeyer falsely told Hill that a canine unit was called to conduct a dog sniff of the car. And Schildmeyer cited the dog sniff to justify ordering the occupants to exit from Hill's car.

{¶8}    According to Hill's complaint, Schildmeyer arrested Hill after Hill questioned why he was stopped by so many officers, why the officers were going to search his car, and why Schildmeyer seized his phone. Hill alleged that his race motivated Schildmeyer's and the other officers' actions that day. The officers' search of Hill's car yielded no evidence of criminal activity. Following his release, Hill had to travel from Georgia to Ohio for his court appearances, which impeded his ability to fulfill his job requirements.

### *Schildmeyer moved for judgment on the pleadings*

{¶9}    Schildmeyer moved for judgment on the pleadings, arguing that Hill's claims were barred by the statute of limitations, Hill failed to state claims upon which

relief may be granted, and Schildmeyer was entitled to immunity as a government employee under R.C. 2744.03(A)(6).

{¶10} In his response, Hill conceded that his false-arrest claim was untimely under the statute of limitations but asserted that he sufficiently and timely pleaded his claims for intentional infliction of emotional distress and malicious prosecution. Relevant here, Hill argued that Schildmeyer was not entitled to immunity because his complaint sufficiently alleged that Schildmeyer and other officers acted with malice and were otherwise reckless when they threw the stop stick in response to a minor traffic violation, seized Hill's belongings, and initiated charges against him in a bad-faith effort to prevent Hill from documenting the officers' racially-motivated conduct.

{¶11} Schildmeyer's reply brief, in support of his arguments that Hill failed to state viable claims and for his assertion of immunity, included an affidavit of a Cincinnati Police Department sergeant. Attached to the affidavit was a USB drive containing an incident report and bodycam and dashcam recordings of the traffic stop. Hill moved to strike Schildmeyer's reply and the affidavit because the affidavit and attached evidence were matters outside of the pleadings.

{¶12} After a hearing on the motion, the trial court (1) granted Hill's motion to strike, (2) granted Schildmeyer's motion for judgment on the pleadings on Hill's false-arrest and intentional-infliction-of-emotional-distress claims, and (3) denied judgment in Schildmeyer's favor on Hill's malicious-prosecution claim and request for punitive damages. It found that the complaint sufficiently pleaded that Schildmeyer acted without probable cause when he arrested and charged Hill and that the complaint sufficiently pleaded recklessness to survive a motion to dismiss based on qualified immunity.

4

## II. Law and Analysis

**{¶13}** Schildmeyer filed an interlocutory appeal of the trial court's entry denying his assertion of statutory immunity. Schildmeyer begins by challenging the trial court's decision to strike his affidavit and evidence. Next, he contends that the facts alleged in Hill's complaint do not defeat his claim of immunity under R.C. 2744.03(A)(6).

**{¶14}** A decision denying a motion for judgment on the pleadings usually is not a final, appealable order. *See Doe v. Licate*, 2019-Ohio-412, ¶ 27 (11th Dist.). But we have jurisdiction under R.C. 2744.02(C) to review the trial court's denial of a government employee's immunity claim. *Morelia Group-De, LLC v. Weidman*, 2023-Ohio-386, ¶ 14 (1st Dist.). Our review "is limited to the review of alleged errors that involve the denial of the benefit of an alleged immunity from liability." *Doe* at ¶ 28-29.

**{¶15}** Immunity is a question of law that this court reviews de novo. *Morelia* at ¶ 14. Likewise, we review the trial court's ruling on a motion for judgment on the pleadings de novo. *See Steele v. City of Cincinnati*, 2019-Ohio-4853, ¶ 14 (1st Dist.).

**{¶16}** Civ.R. 12(C) allows a party to seek judgment on the pleadings after the time to file pleadings has expired if the motion does not delay the trial. A trial court should grant a motion for judgment on the pleadings only if the trial court "finds, beyond doubt, that the plaintiff can prove no set of facts that would entitle the plaintiff to relief." *Morelia* at ¶ 15; *see State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). In considering a Civ.R. 12(C) motion, courts must accept the complaint's material allegations as true and construe all reasonable inferences in the nonmoving party's favor. *Morelia* at ¶ 15.

{¶17} A motion for judgment on the pleadings must be denied if "there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover." *Harris Farms, LLC v. Madison Twp. Trustees*, 2018-Ohio-4123, ¶ 13 (4th Dist.); *see Steele* at ¶ 15.

A. The trial court appropriately struck Schildmeyer's exhibits

{¶18} First, Schildmeyer argues that the trial court should have considered his affidavit and evidence—the videos of the traffic stop—when it analyzed his motion and his claim of government-employee immunity. He argues that the bodycam and dashcam footage are public records and are appropriately considered at the judgment-on-the-pleadings stage. We disagree. The trial court's decision to strike Schildmeyer's exhibits is consistent with Ohio law, and Schildmeyer's evidence was improperly attached to his reply brief in support of his Civ.R. 12(C) motion.

{¶19} We review for an abuse of discretion the trial court's decision granting Hill's motion to strike. *Beattie v. McCoy*, 2018-Ohio-2535, ¶ 25 (1st Dist.). Thus, Schildmeyer must show that the trial court's decision was "so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion." *Treasurer v. Guinn*, 2023-Ohio-4812, ¶ 23 (1st Dist.).

{¶20} The trial court struck the affidavit, incident report, and bodycam and dashcam footage of Hill's arrest attached to Schildmeyer's reply because "what he is asking the Court to do is not done in Ohio and conservatively used in federal court in limited circumstances when Plaintiff references the video in the complaint or Defendant attaches it to their motion."

1. <u>Review of Civ.R. 12(C) motions is limited to the pleadings</u>

**{¶21}** Schildmeyer relies on our precedent and federal cases to argue that the trial court erred when it failed to take judicial notice of his evidence, which are public records. Specifically, he claims that the bodycam and dashcam footage are unquestionably accurate and "demonstrate the visible fiction of Hill's allegations." The crux of his argument is that the trial court must consider "objective evidence" when considering a motion for judgment on the pleadings.

**{¶22}** But Schildmeyer's argument fails. First, the purpose of a motion for judgment on the pleadings is to "test[] the sufficiency of a complaint." *Gilman v. Physna, LLC,* 2021-Ohio-3575, ¶ 14 (1st Dist.). Considering evidence beyond the complaint would necessarily go beyond simply testing whether a complaint's allegations are sufficient.

**{¶23}** Moreover, the Supreme Court of Ohio has long held, and has reaffirmed as recently as last month, that "[i]t is axiomatic that a court's determination of a Civ.R. 12(C) motion for judgment on the pleadings must be restricted solely to the allegations in the pleadings." *State ex rel. McCarley v. Dept. of Rehab. & Corr.,* 2024-Ohio-2747, ¶ 13; *see Hester v. Dwivedi*, 89 Ohio St.3d 575, 577 (2000) ("[A]lthough significant discovery had taken place prior to the time appellees filed their Civ.R. 12(C) motions, the trial court could not properly consider any evidentiary material tending to disprove the complaint's allegations in deciding the motions.").[1] Any evidence filed after the close of pleadings "is not a proper basis on which to grant judgment on the pleadings." *McCarley* at ¶ 14.

---

[1] Though a "pleading" includes a Civ.R. 10(C) "written instrument" attached to a pleading, the term "written instrument" means a contract, deed, negotiable instrument, or other document evidencing parties' rights and responsibilities. *See State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 17.

7

{¶24} Like the Supreme Court of Ohio, this court and other Ohio courts have held that review of Civ.R. 12(C) motions for judgment on the pleadings must be confined solely to the allegations contained in the pleadings. *See Physna* at ¶ 14 ("A motion for judgment on the pleadings tests the sufficiency of a complaint and is restricted solely to the allegations in the pleadings."); *see also Carr v. Educational Theatre Assn.*, 2023-Ohio-1681, ¶ 5 (1st Dist.), quoting *Daniely v. Accredited Home Lenders*, 2013-Ohio-4373, ¶ 6 (8th Dist.), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-166 (1973) ("Unlike a motion for summary judgment where the parties are permitted to submit certain evidentiary materials for the court's review, the determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint."); *David M.A.N.S.O. Holding L.L.C. v. Marquette*, 2024-Ohio-1188, ¶ 10 (2d Dist.) ("To enter judgment on the pleadings, the court may not consider '[e]vidence in any form[.]'"); *Ferchill v. Beach Cliff Bd. of Trustees*, 2005-Ohio-3475, ¶ 14 (8th Dist.) ("Evidence in any form may not be considered in a motion for judgment on the pleadings."); *Burnside v. Leimbach,* 71 Ohio App.3d 399, 402 (10th Dist. 1991) ("The trial court may only consider the statements contained in the pleadings, and may not consider any evidentiary materials."); *Hughes v. George F. & Mary A. Robinson Mem. Portage Cty. Hosp.,* 16 Ohio App.3d 80, 82, (11th Dist. 1984) ("[W]here judgment on the pleadings was sought, the court was bound to consider only the face of the complaint.").

## 2. Judicial notice was not appropriate

{¶25} Schildmeyer argues the trial court should have taken judicial notice of his exhibits. To be sure, we have stated that "[w]hen ruling on a motion for judgment on the pleadings, the court may take judicial notice of appropriate matters."

*Buchenroth v. City of Cincinnati*, 2019-Ohio-2560, ¶ 9 (1st Dist.). Judicial notice is proper for adjudicative facts, or "matters which are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned,' and so are 'not subject to reasonable dispute.'" *Id.,* quoting Evid.R. 201(B). The staff notes to Evid.R. 201 explain that "[t]he type of fact contemplated by 201(B)(2) includes scientific, historical and statistical data which can be verified and is beyond reasonable dispute." *City of Twinsburg v. Wesby*, 2012-Ohio-569, ¶ 7 (9th Dist.).

{¶26} Schildmeyer relies on *Buchenroth* and *Morelia* to argue that the trial court can properly take judicial notice of the officers' recordings, which are public records. But the judicially-noticed facts in *Buchenroth* and *Morelia* are worlds apart from the content in the bodycam and dashcam footage attached to his reply brief.

{¶27} In *Buchenroth*, we relied on "photographs of the road, crosswalk, and crosswalk signs" to hold that the city was immune from its allegedly negligent inspection, maintenance, repair, design, construction, and erection of a crosswalk and reversed the trial court's denial of a motion for judgment on the pleadings. *Buchenroth* at ¶ 10. And in *Morelia,* we took judicial notice of "the undisputed facts that a trustee meeting occurred on October 3, 2019, and that the matter of Morelia's Group's offer was discussed" to consider whether the trial court erred when it denied a township trustee's motion for judgment on the pleadings based on his claim of immunity. *Morelia,* 2023-Ohio-386, at ¶ 21 (1st Dist.).

{¶28} But critically, the contents of the judicially-noticed photographs in *Buchenroth* were undisputed since the nonmoving party "stipulated that exhibits 2A and 2B accurately depicted the crosswalk signs and road markings and that the court could take judicial notice of those exhibits." *Buchenroth,* 2019-Ohio-2560, at ¶ 10 (1st

Dist.). And in *Morelia,* we declined an invitation to take judicial notice of statements made by the parties contained within the trustees' meeting minutes, explaining that "we cannot . . . accept as fact the statements made by Weidman and the law director merely because their utterance was captured in the meeting minutes." *Morelia* at ¶ 21. We reasoned that, while "'a court may take judicial notice of matters of public record, it may not take judicial notice of disputed facts stated in those public records.'" *Id.,* quoting *McKenzie v. Davies*, 2009-Ohio-1960, ¶ 24 (2d Dist.). Controverted facts, including those contained in public records, are not "appropriate matters" that can be judicially noticed. *Id.* Indeed, we have held that judicial notice of the "'public records and newspaper article' [a party] attached to its motion, and presumably all the content therein" is "an inappropriate application of Evid.R. 201." *State ex rel. Banker's Choice, LLC v. City of Cincinnati*, 2020-Ohio-6864, ¶ 11 (1st Dist.).

{¶29} Schildmeyer cites federal cases to argue that footage depicting "the whole thing" that "utterly discredit[s]" the plaintiff's allegations may be considered when deciding a motion to dismiss. But those federal cases are not binding on this court. We decline Schildmeyer's invitation to justify taking judicial notice of improper material with nonbinding law. The Supreme Court of Ohio and this court have already determined that such materials are improper for a court's consideration when ruling on a Civ.R. 12(C) motion.

{¶30} Considering the bodycam and dashcam footage when deciding Schildmeyer's motion would distort the purpose of a motion for a judgment on the pleadings, which is to "test[] the sufficiency of a complaint." *See Physna,* 2021-Ohio-3575, at ¶ 14 (1st Dist.). The trial court correctly struck Schildmeyer's exhibits.

### 3. Schildmeyer improperly attached his exhibits to his reply

{¶31} An independent reason supports the trial court striking Schildmeyer's exhibits—they were offered for the first time in his reply brief. A reply is "'limited to matters in rebuttal.'" *Ranallo v. First Energy Corp.*, 2006-Ohio-6105, ¶ 25 (11th Dist.), quoting *Lance Acceptance Corp. v. Claudio*, 2003-Ohio-3503, ¶ 18 (9th Dist.). Parties are "'barred from raising new arguments and offering evidence for the first time on reply.'" *Mfrs. Equip. Co. v. StarStone LLC*, 2016-Ohio-3276, ¶ 14 (2d Dist.), quoting *In re Fuel Adjustment Clauses for Columbus S. Power Co. & Ohio Power Co.*, 2014-Ohio-3764, ¶ 37. Otherwise, parties may resort to judgment on the pleadings "'by ambush.'" *Smith v. Ray Esser & Sons, Inc.*, 2011-Ohio-1529, ¶ 15 (9th Dist.), quoting *Claudio* at ¶ 18. So, when "a new argument is raised or new evidence is offered in a reply, 'the proper procedure is to strike the reply . . . or, alternatively, to allow the opposing party to file a surreply.'" *StarStone LLC* at ¶ 14, quoting *Baker v. Coast to Coast Manpower, L.L.C.*, 2012-Ohio-2840, ¶ 35 (3d Dist.).

{¶32} In his reply, Schildmeyer relied on the videos to challenge the veracity of Hill's allegations, which constituted a new basis for granting his motion. He argued that the footage proved he had probable cause to arrest Hill, disproved Hill's claim that the officers' actions were racially motivated, and disproved Hill's claim that Schildmeyer lied about the dog sniff. Because the evidence and these arguments were offered for the first time in reply, the trial court correctly struck the exhibits.

{¶33} The trial court was well within its discretion when it struck Schildmeyer's exhibits that were attached to his reply and refused to consider the videos in ruling on his motion for judgment on the pleadings.

B. Hill alleged facts to establish an exception to Schildmeyer's immunity

**{¶34}** Schildmeyer also argues that the trial court erred when it found that Hill sufficiently pleaded an exception to the rule that government employees are immune from tort liability. Schildmeyer argues that he is immune from liability for malicious prosecution and for punitive damages because Hill's conclusory use of the words "gross negligence," "malicious," and "reckless" lack a factual basis and fail to establish an exception to his immunity.

**{¶35}** Under R.C. 2744.03(A)(6), government employees are immune from tort liability for actions that fall within the scope of their employment and official responsibilities. But "[t]hat immunity is not absolute." *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.,* 2021-Ohio-4096, ¶ 7. Government employees acting within the scope of their employment are not entitled to immunity if "the employees' acts or omissions in the course and scope of their employment were wanton[,] reckless," malicious, or done in bad faith. *Id.,* citing R.C. 2744.03(A)(6)(b).

**{¶36}** "Ohio is a notice-pleading state." *Maternal Grandmother* at ¶ 10. Plaintiffs like Hill must simply include "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). This requires neither particularity nor "'precision . . . as long as fair notice of the nature of the action is provided.'" *Ri'Chard v. Bank of Am.,* 2020-Ohio-4688, ¶ 8 (1st Dist.), quoting *Fancher v. Fancher,* 8 Ohio App.3d 79, (1st Dist. 1982). These principles apply when "a government employee's allegedly [malicious] behavior is at issue." *Maternal Grandmother* at ¶ 11.

{¶37} In *Maternal Grandmother*, the Ohio Supreme Court held that "when a complaint invokes the exception to a government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and the plaintiff may not be held to a heightened pleading standard or expected to plead the factual circumstances surrounding an allegation of wanton or reckless behavior with particularity." *Id.* In other words, a motion for judgment on the pleadings based on immunity must be granted if "the pleadings, construed in a light most favorable to the plaintiff, conclusively establish the affirmative defense" and the absence of an exception. *City of Cincinnati v. Rennick,* 2022-Ohio-1110, ¶ 5 (1st Dist.).

{¶38} Hill sued Schildmeyer for malicious prosecution and sought punitive damages. The elements of a malicious prosecution claim are "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146 (1990). Likewise, "malice is the gateway to punitive damages in a tort case." *Chapel v. Wheeler Growth Co.,* 2023-Ohio-3988, ¶ 18 (1st Dist.). Specifically, a punitive-damages award requires a finding that "defendant acted with 'malice or aggravated or egregious fraud.'" *Id.* at ¶ 12, quoting R.C. 2315.21(C)(1).

1. Hill sufficiently pleaded malice

{¶39} Malice exists where a government employee acts with "willful and intentional design to do injury." *Alagha v. Cameron,* 2009-Ohio-4886, ¶ 20 (1st Dist.). Said differently, it is "the willful and intentional desire to harm another, usually seriously, through conduct which is *unlawful or unjustified.*" (Emphasis in *Morelia.*) *Morelia*, 2023-Ohio-386, at ¶ 29 (1st Dist.), quoting *Martcheva v. Dayton Bd. of Edn.*, 2021-Ohio-3524, ¶ 81 (2d Dist.), quoting *Reno v. Centerville*, 2004-Ohio-781, ¶ 25 (2d

13

Dist.), quoting *Moffitt v. Litteral*, 2002-Ohio-4973, ¶ 96 (2d Dist.). Relevant here, willful conduct involves an actor intentionally deviating from either a clear duty or rule of conduct or purposely committing wrongful acts, knowing that an injury will likely result. *Thomas v. Bauschlinger*, 2015-Ohio-281, ¶ 28 (9th Dist.), quoting *Anderson v. Massillon*, 2012-Ohio-5711, paragraph two of the syllabus. When a government employee's conduct is motivated by malice, it is unlawful and therefore "outside the scope of their employment." *Morelia* at ¶ 27.

{¶40} Hill sufficiently pleaded malice. The allegations in Hill's complaint, which we accept as true and view in a light most favorable to Hill, explain that officers stopped Hill, a black man driving a car with black male passengers, for a minor traffic violation. Officers surrounded his car and threw a stop stick. Hill tried to record the stop out of fear, but Schildmeyer seized the camera to prevent Hill from documenting the interaction. Schildmeyer lied to Hill about summoning the canine unit and told Hill he needed to exit from the car for a dog sniff. Schildmeyer arrested Hill after Hill asked why he was being stopped, why his phone was taken, and why there were so many officers. Hill alleged that racial animus motivated the officers, and Schildmeyer's conduct was done to "cover up for the unlawful stop and arrest." These facts sufficiently allege that Schildmeyer, unlawfully motivated by racial and retaliatory animosity, charged Hill to cause injury. Hill has pleaded the malice exception to Schildmeyer's assertion of government-employee immunity.

### 2. Our jurisdiction is limited to questions of immunity

{¶41} Finally, Schildmeyer maintains that Hill's malicious-prosecution claim fails because the allegations show that Schildmeyer had probable cause to charge him with obstructing official business under R.C. 2921.31(A).

14

{¶42}   But at this point in the litigation, "we only have jurisdiction to address the issue of immunity in this interlocutory appeal." *Hardesty v. Alcantara*, 2015-Ohio-4591, ¶ 47 (8th Dist.). Probable cause is outside the scope of our review because "R.C. 2744.02(C) does not authorize the appellate court to otherwise review the merits of a trial court's decision to deny a motion for [judgment on the pleadings]." *Gates v. Leonbruno*, 2016-Ohio-5627, ¶ 30 (8th Dist.); *see Carroll v. Cuyahoga Community College*, 2023-Ohio-3628, ¶ 13 (8th Dist.) ("[A]lthough the appellants' motion to dismiss addressed other issues, we confine our analysis to determine whether the court erred in denying appellants' political subdivision immunity."). Probable cause and malice are not intertwined and whether Schildmeyer had probable cause is a separate and distinct inquiry from whether he acted with malice. Therefore, Schildmeyer's malicious-prosecution argument is outside the scope of our review, and we decline to consider it.

{¶43}   In sum, the trial court properly struck Schildmeyer's exhibits because they were matters outside of the pleadings and improperly attached to his reply. The trial court did not err when it denied Schildmeyer's motion for judgment on the pleadings because Hill's allegations were sufficient to establish an exception to Schildmeyer's government-employee immunity.

### III.   Conclusion

{¶44}   We overrule Schildmeyer's single assignment of error and affirm the trial court's judgment.

Judgment affirmed.

ZAYAS and BERGERON, JJ., concur.

15

Please note:

> The court has recorded its entry on the date of the release of this opinion.