# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RAVELL THOMAS, | : | APPEAL NO. C-240331 |
| | | TRIAL NO. A-2301175 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| ORION COVRETT, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| JOHN AND JANE DOES, | | |
| Defendants. | | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 6/11/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


RAVELL THOMAS,               :        APPEAL NO.    C-240331

      Plaintiff-Appellee,        :        TRIAL NO.     A-2301175

   vs.                              :

ORION COVRETT,            :               *O P I N I O N*

      Defendant-Appellant,     :

   and

JOHN AND JANE DOES,

      Defendants.


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 11, 2025


*The Cochran Firm* and *Fanon A. Rucker*, for Plaintiff-Appellee,

*Emily Smart Woerner*, City Solicitor, *Matthew J. Slovin* and *Katherine C. Baron*, Senior Assistant City Solicitors, *Lazarus Law LLC.* and *Kimberly A. Rutowski* for Defendant-Appellant.

**NESTOR, Judge.**

**{¶1}** This is an appeal from a denial of immunity involving a police officer. The underlying action arose from a 9-1-1 call, reporting a crowd for partying and smoking marijuana. After briefly investigating at the scene, police officers arrested plaintiff-appellee Ravell Thomas for drug crimes and improperly handling a firearm. However, once it was discovered that the "drugs" found were not drugs and that he legally possessed the weapon, the charges were dismissed.

**{¶2}** Thomas then brought claims against defendant-appellant Cincinnati Police Officer Orion Covrett for (1) intentional infliction of emotional distress, (2) false arrest, (3) malicious prosecution, and (4) conversion. Officer Covrett responded by claiming sovereign immunity and moved for judgment on the pleadings as to all claims. The trial court granted the motion in part but denied immunity for the claims for malicious prosecution and conversion.

**{¶3}** Sovereign immunity is the hammer in the toolbox of the municipal lawyer. Sometimes it is used too soon. As a matter of both procedure and substance, the defense in this case was premature. Because at this juncture of the proceedings Thomas sufficiently pleaded his complaint, we affirm the trial court's denial of the immunity motion.

## I. *Factual and Procedural History*

**{¶4}** On October 20, 2021, a 9-1-1 caller reported six or seven men smoking "weed" and partying in a parking lot. The caller included that one of the men had a firearm, but that he was not threatening anyone with it.

**{¶5}** Cincinnati police officers arrived and began interrogating and searching the crowd. Alarmed by this police activity, a passenger in Thomas's car complained about the police tactics. At this point, officers turned their attention to

Thomas and his passenger. Thomas was ordered to provide identification and to step out of his vehicle.

{¶6} Thomas alleges that despite his refusal, the officers began searching his car. During the search, the officers recovered Thomas's firearm, which he claims officers said came back as stolen, and a baggy of what officers assumed was fentanyl. Ultimately, officers arrested Thomas and charged him with drug possession, trafficking, and improperly handling a firearm. He remained incarcerated for several days. Unfortunately, while in jail, he lost his job, and his vehicle was impounded and sold.

{¶7} It was later revealed that not only did Thomas legally possess the firearm, but also that the "drugs" were nothing more than cornstarch. By March 27, 2022, all charges against him had been dismissed. Thomas then brought this suit against Officer Covrett. Officer Covrett moved for judgment on the pleadings as to all claims. The court granted the motion as to the first two claims and denied it as to the remaining claims. Relevant to this appeal, the court denied Officer Covrett's claim of sovereign immunity under R.C. Ch. 2744, explaining that Thomas's complaint sufficiently pled an exception to sovereign immunity and therefore it could not be asserted as a defense at the pleading stage.

## II. Analysis

### A. Assignment of Error

{¶8} While normally "[a] decision denying a motion for judgment on the pleadings is not a final, appealable order," we have jurisdiction under R.C. 2744.02(C) to review a trial court's denial of a government employee's immunity claim. *Hill v. Schildmeyer*, 2024-Ohio-3261, ¶ 14 (1st Dist.), citing *Doe v. Licate*, 2019-Ohio-412, ¶ 27 (11th Dist.); *Morelia Group-De LLC v. Weidman*, 2023-Ohio-386, ¶ 14 (1st Dist.).

4

"Our review 'is limited to the review of alleged errors that involve the denial of the benefit of an alleged immunity from liability.'" *Schildmeyer* at ¶ 14, quoting *Doe* at ¶ 28-29. And conveniently, we review both motions for judgment on the pleadings and claims of R.C. Ch. 2744 immunity de novo. *Id.*, citing *Steele v. City of Cincinnati*, 2019-Ohio-4853, ¶ 14 (1st Dist.).

**{¶9}** Under R.C. 2744.03(A)(6), employees of political subdivisions are immune from liability unless the employee's acts or omissions were made with malicious purpose, in bad faith, or in a wanton or reckless manner, or civil liability is expressly imposed upon the employee by a section of the Revised Code. Pursuant to this section, "government employees are immune from tort liability for actions that fall within the scope of their employment and official responsibilities," however their immunity is *not* absolute. (Emphasis added.) *Schildmeyer* at ¶ 35, citing *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 7. "Government employees acting within the scope of their employment are not entitled to immunity if 'the employees' acts or omissions in the course and scope of their employment were wanton[,] reckless,' malicious, or done in bad faith." *Id.*, citing R.C. 2744.03(A)(6)(b).

**{¶10}** On the other hand, "Civ.R. 12(C) allows a party to seek judgment on the pleadings after the time to file pleadings has expired if the motion does not delay the trial." *Schildmeyer* at ¶ 16. The trial court should grant a motion for judgment on the pleadings only if the trial court "'finds, beyond doubt, that the plaintiff can prove no set of facts that would entitle the plaintiff to relief.'" *Id.* "In considering a Civ.R. 12(C) motion, courts must accept the complaint's material allegations as true and construe all reasonable inferences in the nonmoving party's favor." *Id.* Thus, motions on the pleadings must be denied if "'there is a set of facts, consistent with the plaintiff's

complaint, which would allow the plaintiff to recover.'" *Schildmeyer* at ¶ 17, quoting *Harris Farms, LLC v. Madison Twp. Trustees*, 2018-Ohio-4123, ¶ 13 (4th Dist.); *Steele* at ¶ 15.

**{¶11}** Where we find conflict in this case is the defendant's mistaken belief that Thomas was responsible for proving "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused" at the pleading stage of the proceedings. *See Schildmeyer*, 2024-Ohio-3261, at ¶ 38 (1st Dist.).

**{¶12}** Officer Covrett relies on the cases that hold that a plaintiff's malicious-prosecution claim fails as a matter of law when there is a valid indictment based on probable cause. While it is true that "the return of an indictment by a grand jury raises a rebuttable presumption that probable cause existed for the institution of a prosecution," it is a *rebuttable* presumption. *Lacey v. Ohio Aud. of State*, 2019-Ohio-4266, ¶ 20 (10th Dist.), citing *Dailey v. First Bank*, 2005-Ohio-3152, ¶ 16 (10th Dist.). An opposing party does not have the chance to rebut the presumption at the pleading stage.

**{¶13}** While Officer Covrett cites the correct standard for a malicious-prosecution claim, his use of it is premature. Ohio is a notice-pleading state. *Weidman*, 2023-Ohio-386, at ¶ 14 (1st Dist.), citing *Maternal Grandmother*, 2021-Ohio-4096, at ¶ 7. The Ohio Supreme Court explained that "[t]his means that outside of a few specific circumstances, such as claims of fraud or mistake, [] a party will not be expected to plead a claim with particularity," simply a "short and plain statement" will suffice. *Maternal Grandmother* at ¶ 10, quoting Civ.R. 8(A). Thus, even in cases, such as here, in which a government employee's allegedly wanton or reckless behavior is at issue, these general pleading rules still apply. *Id*. at ¶ 11, citing Civ.R. 9(B).

**{¶14}** "[W]hen a complaint invokes [an] exception to a government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and the plaintiff may not be held to a heightened pleading standard" or expected to plead the factual circumstances surrounding an allegation of wanton or reckless behavior with particularity." *Id.* ¶ 17. "[T]o survive [Officer Covrett]'s motion for judgment on the pleadings, [Thomas] [needed to] only put [Officer Covrett] on notice that an exception to his statutory immunity '*might* apply.'" (Emphasis added.) *Weidman* at ¶ 10, citing *Maternal Grandmother* at ¶ 10. Thomas's complaint alleged that "[a]s a proximate and direct result of the gross negligence and/or malicious and reckless conduct of Defendant Covrett and other Defendants, Plaintiff [Thomas] suffered compensable harm." As the trial court found, and we agree, the averments in his complaint were enough to place Officer Covrett on notice that an exception to his immunity *may* exist. Therefore, the trial court properly denied both his motion for judgment on the pleadings and his claim of immunity at this stage of the proceedings.

**{¶15}** We note that the defense relies on a grand jury indictment that is outside the pleadings. The Ohio Civil Rules define "pleadings" as the complaint, the answer, and any attached written instrument. *Gilman v. Physna*, 2021-Ohio-3575, ¶ 14 (1st Dist.), citing Civ.R. 7(A) and 10(C). The defendant in this case attached the grand jury indictment to his motion, which is separate from and outside of the pleadings. *See* Civ.R. 7(A) and (B). The defense in this case has confused the evidentiary standard that might apply at summary judgment with the pleading standard that applies now. A grand jury indictment may serve to create a presumption of probable cause, but it does not eliminate a plaintiff's opportunity to rebut the presumption.

**{¶16}** We conclude that Officer Covrett has deployed the hammer of immunity too soon. Under Ohio law, the presumption of probable cause created by an

7

indictment is rebuttable, and the plaintiff in this case should be allowed discovery before the determination of immunity.

**{¶17}** Accordingly, Thomas's claims in his complaint were sufficiently pled and we overrule appellant's sole assignment of error.

### III.    Conclusion

**{¶18}** Because we agree with the trial court's denial of Officer Covrett's claim of immunity at this stage of the proceedings, we overrule his sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.