[Cite as *Newman v. Durrani*, 2025-Ohio-5329.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MORGAN NEWMAN, Administratrix of the Estate of Marjorie Newman, | : | APPEAL NO. C-250126 TRIAL NO. A-1601535 |
| and | : | |
| GERALD NEWMAN, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| and | : | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| Defendants-Appellants, | : | |
| and | : | |
| WEST CHESTER HOSPITAL, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| KATHERINE PRATER, | : | APPEAL NO. C-250127 TRIAL NO. A-1601534 |
| and | : | |
| DUANE PRATER, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| and | : | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |

# OHIO FIRST DISTRICT COURT OF APPEALS

| | | |
|---|---|---|
| Defendants-Appellants, | : | |
| and | : | |
| WEST CHESTER HOSPITAL, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| PATRICIA BOONE, | : | APPEAL NO. C-250128 |
| | | TRIAL NO. A-1706541 |
| and | : | |
| JAMES BOONE, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | *JUDGMENT ENTRY* |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| and | : | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| Defendants-Appellants, | : | |
| and | : | |
| WEST CHESTER HOSPITAL, et al., | : | |
| Defendants. | : | |

This cause was heard upon the appeals, the records, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the appeals are dismissed.

Further, the court holds that there were reasonable grounds for these appeals, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

# OHIO FIRST DISTRICT COURT OF APPEALS

**To the clerk:**

**Enter upon the journal of the court on 11/26/2025 per order of the court.**

**By:**_____

      **Administrative Judge**

[Cite as *Newman v. Durrani*, 2025-Ohio-5329.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| MORGAN NEWMAN, Administratrix of the Estate of Marjorie Newman, | : | APPEAL NO. | C-250126 |
| | | TRIAL NO. | A-1601535 |
| and | : | | |
| GERALD NEWMAN, | : | | |
| Plaintiffs-Appellees, | : | | |
| vs. | : | | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | | |
| and | : | | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | | |
| Defendants-Appellants, | : | | |
| and | : | | |
| WEST CHESTER HOSPITAL, et al., | : | | |
| Defendants. | : | | |

| | | | |
|---|---|---|---|
| KATHERINE PRATER, | : | APPEAL NO. | C-250127 |
| | | TRIAL NO. | A-1601534 |
| and | : | | |
| DUANE PRATER, | : | | |
| Plaintiffs-Appellees, | : | | |
| vs. | : | | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | | |
| and | : | | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | | |

# OHIO FIRST DISTRICT COURT OF APPEALS

| | | |
|---|---|---|
| Defendants-Appellants, | : | |
| and | : | |
| WEST CHESTER HOSPITAL, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| PATRICIA BOONE, | : | APPEAL NO. C-250128 |
| | | TRIAL NO. A-1706541 |
| and | : | |
| JAMES BOONE, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | *O P I N I O N* |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| and | : | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| Defendants-Appellants, | : | |
| and | : | |
| WEST CHESTER HOSPITAL, et al., | : | |
| Defendants. | : | |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Appeals Dismissed

Date of Judgment Entry on Appeal: November 26, 2025

*Statman Harris, LLC*, *Alan J. Statman* and *Benjamin M. Maraan II*, for Plaintiffs-Appellees,

*Taft Stettinius & Hollister LLP*, *Philip D. Williamson*, *Aaron M. Herzig* and *Russell S. Sayre*, for Defendants-Appellants.

**ZAYAS, Judge.**

{¶1} In the instant appeals, which include a group of three cases set to be jointly tried below, defendants-appellants Abubakar Atiq Durrani, M.D., and the Center for Advanced Spine Technologies ("CAST") appeal from the respective judgments of the trial court in each case denying their motion for judgment on the pleadings.[1] In a single assignment of error, they argue that the trial court "should have entered judgment for Dr. Durrani." However, for the reasons that follow, we dismiss the appeals for lack of final, appealable orders.

## I. Background

{¶2} In March 2016, Marjorie and Gerald Newman filed a medical-malpractice complaint against Durrani and CAST, arising from an allegedly improper and unnecessary surgery performed by Durrani in March 2011.[2]

{¶3} That same month, Katherine and Duane Prater filed a medical-malpractice complaint against Durrani and CAST, arising from an allegedly improper and unnecessary surgery performed by Durrani in November 2011.[3]

{¶4} In August 2016, Patricia and James Boone filed a medical-malpractice complaint against Durrani and CAST, arising from an allegedly improper and unnecessary surgery performed by Durrani in November 2011.[4]

{¶5} After years of litigation and just prior to the scheduled joint trial below,

---

[1] We sua sponte consolidate these separate appeals into a single opinion and judgment because the parties raise identical arguments in all three appeals.

[2] The complaint also asserted claims against West Chester Hospital, LLC, and UC Health. However, those defendants were later voluntarily dismissed from the action in June 2019. Further, Morgan Newman, Administratrix of the Estate of Marjorie Newman, was substituted for Marjorie Newman as plaintiff in that action in early 2025.

[3] The complaint also listed West Chester Hospital, LLC, and UC Health as defendants. However, those defendants were voluntarily dismissed from the action in June 2019.

[4] West Chester Hospital, LLC, and UC Health were also listed as defendants in this action. However, those defendants were voluntarily dismissed in June 2019.

defendants moved for judgment on the pleadings in each case on the basis that R.C. 2305.15, the absent-defendant-tolling statute, was amended by the General Assembly in response to the Ohio Supreme Court's decision in *Elliot v. Durrani*, 2022-Ohio-4190. Each motion argued that, by amending R.C. 2305.15 to expressly state that the absent-defendant-tolling statute does not toll the medical-claim statute of repose, the General Assembly "abrogated" the Ohio Supreme Court's holding in *Elliot*, causing the plaintiffs' claims to be time-barred by the medical-claim statute of repose in R.C. 2305.113(C).

{¶6} The plaintiffs in each case filed responses in opposition, arguing that the Ohio Constitution prohibited the general assembly from passing retroactive laws, "which apply to events that happened before the law took effect."

{¶7} Ultimately, after further briefing in each case, the trial court denied all three motions for judgment on the pleadings. In each case, the trial court found that, although an inference could arise that the General Assembly intended for amended R.C. 2305.15 to be applied retroactively based on the General Assembly's statement that the amended statute was passed to "overrule" *Elliot*, an inference is insufficient where the General Assembly must expressly state its intent for the statute to apply retroactively before a court will do so. The trial court further found that, even if "we assume" the General Assembly had intended for the amended statute to be applied retroactively, any retroactive application of amended R.C. 2305.15 would be unconstitutional as the amended statute is substantive, and not merely remedial, and any retroactive application would unconstitutionally abolish the plaintiffs' vested rights to pursue claims against Durrani.

{¶8} Durrani and CAST now appeal, arguing in a single assignment of error that the trial court "should have entered judgment for Dr. Durrani."

## II. Lack of Final, Appealable Orders

{¶9} Generally, an order denying a motion for judgment on the pleadings is not a final, appealable order. *E.g., Hill v. Schildmeyer*, 2024-Ohio-3261, ¶ 14 (1st Dist.); *Kellie Auto Sales, Inc. v. Hernandez*, 2020-Ohio-1516, ¶ 14 (10th Dist.). Further, a finding prior to final judgment that the statute of repose does not bar a claim is also generally not a final, appealable order. *See Taylor-Jones v. Kettering Med. Ctr.*, 2021-Ohio-738, ¶ 11 (2d Dist.).

{¶10} Nevertheless, Durrani and CAST assert that the orders appealed from are final orders under R.C. 2505.02(B)(8) as orders "restricting enforcement of the amendment to prospective application." We disagree.

{¶11} R.C. 2505.02(B)(8) was recently enacted, effective October 24, 2024. 2023 Am.Sub.H.B. No. 301; *Gemmell v. Evergreen Site Holdings, Inc.*, 2025-Ohio-2258, ¶ 14 (4th Dist.). In H.B. 301, the General Assembly listed one purpose for the act as "to allow an immediate appeal of a court order restricting enforcement of state law."

{¶12} R.C. 2505.02(B)(8) provides,

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is . . . [a]n order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or as applied, of any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs.

{¶13} Thus, an order "restricting enforcement . . . as applied . . . of any state statute" is a final order under this provision.

{¶14} Here, the trial court's controlling finding in each case is that the General

Assembly did not express any intent for amended R.C. 2305.15 to be applied retroactively. Thus, the trial court's order in each case is that the prior version of R.C. 2305.15 is applicable in these cases where the amended version of R.C. 2305.15 is to be applied prospectively only. Such an order does not restrain or restrict enforcement of any state statute. Therefore, we hold that the orders appealed from do not constitute final orders under R.C. 2505.02(B)(8). Consequently, we dismiss the appeals for lack of final, appealable orders.

### *III. Conclusion*

**{¶15}** Because the orders appealed from do not restrain or restrict enforcement of any state statute, we dismiss the appeals for lack of final, appealable orders.

Appeals dismissed.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.